CHARLES YOST, Respondent, *v.* WILLIAM TRACY ET AL., Appellants.

False Imprisonment—Commitment—Excessive Damages.

The plaintiff was committed by the justice for making threats, and ordered to give bonds in the sum of $500 for his good behavior. Plaintiff could easily have given bonds, but preferred and offered to go to jail, and seemed dissatisfied because the sheriff would not lock him up under an unsigned commitment. The plaintiff was shown to have received not much more than a nominal injury in loss of time, and that defendants acted in good faith, and that there was nothing to show malice or ill will on their part. *Held*, that it was proper to exclude evidence of the unsigned commitment, as no justification was pleaded; that $288 was excessive dam-

ages; and that a new trial should be granted unless the plaintiff would file a consent in writing in the supreme court to reduce the damages to $100.

(No. 703. Decided May 28, 1896. 45 P. R. 346.)

Appeal from the district court of the Fourth judicial district, Territory of Utah. Hon. W. H. King, *Judge.*

Action by Charles Yost against William Tracy and others for false imprisonment. Verdict for plaintiff. Defendant appeals. Reversed as to amount of damages.

*B. H. Jones,* for appellant.

*Richards & Macmillan,* and *A. E. Pratt,* for respondent.

"There being no absolute, fixed, legal rule of compensation, appelate courts ought not to interfere with the verdict unless it clearly appears that there has been such a mistake of the principles upon which the damages were estimated, or some improper motive or bias indicating passion or prejudice upon the part of the jury. *Hukkle* v. *Munney,* 2 Wills. 205; *Worster* v. *Proprietors of Canal Bridge,* 16 Pick. 547; *Boyce* v. *Cal. Stage Co.,* 25 Cal. 461; *Schmidt* v. *M. & St. P. Ry. Co.,* 23 Wis. 195; *Klein* v. *Jewett,* 26 N. J. Eq. 480; *Penn. Ry. Co.* v. *Allen,* 53 Penn. St. 276; Sedgwick on Measure of Damages, 601; 602 and authorities there cited; *Solen* v. *V. & T. Ry. Co.,* 13 Nev. 138.

"If any one could say that no rational man of character would not, for the amount awarded, be put in the defendant's position, the damages are not excessive." 3 Sedgwick on Measure of Damages (8th Ed.), sec. 1320; 16 Am. and Eng. Enc. of Law, *supra.*

"The rule is well settled that in actions of this kind a new trial will not be granted for this reason (excessive

damages.)   It is the special province of the jury to decide such cases under instructions from the court." 1 Southerland on Damages, 810 (marginal page 2d Ed.)  *Wilson* v. *Fitch*, 41 Cal. 386.

"The damages are to be fixed by the jury upon a careful consideration of the charge made by the defendant, the circumstances of its publication, the extent of its circulation and the natural consequences of such a publication." *Lowe* v. *Herald*, 6 Utah 179.

"The jury has said the damages should be granted, and, unless we could say that they were excessive or outrageous, we would not be warranted in disturbing the verdict. *Barney* v. *Edmund*, 116 U. S. 565; *Ry. Co.* v. *Arms*, 91 U. S. 489; *Bitner* v. *Ry. Co.*, 4 Utah 505.

Here was a man, without warrant or process, taken 145 or 150 miles from home, across the mountains in winter time, and when the prisoner and his keeper got to the county seat the sheriff refused to accept him as a prisoner, and so he was turned loose.   And defendants say that $288.75 is too much.   The jury are the judges of the facts and circumstances, and unless their verdict strikes a man as being all out of proportion to the injury or actuated by prejudice or passion, the verdict will not be disturbed.   We think this verdict was ridiculously low.

PER CURIAM:

The complaint in this case was filed to recover damages for alleged false imprisonment, and the defendants, in their answer, do not attempt to justify under any writ or commitment.  A verdict was rendered March 26, 1895, for $288.   The statement of the case was filed and served on April 29, 1895, and settled May 6, 1895.   On March 16, 1895, an order was made denying plaintiff's motion for a new trial, and an appeal was taken to this court

13 UTAH—28

from the judgment and order overruling the motion for a new trial.

No exceptions were taken to the charge of the court or its refusal to charge as requested, and therefore these allegations of error cannot be considered. The commitment under which the alleged false imprisonment is claimed to have occurred was not signed by the justice who made it, and, when offered in evidence, the court properly excluded it, because no justification was pleaded, and for apparent irregularities and the insufficiency of the commitment itself. 2 Estee, Pl. § 3626; 2 Enc. Pl. & Prac. p. 845. We find no error in the record except that the damages are excessive. It appears from the very inexcusable and imperfect abstract and transcript that the plaintiff, Yost was committed by the justice for making threats, and ordered to give bonds in the sum of $500 for his good behavior. Yost could easily have given the bonds, but refused, and requested the constable to take him to jail, and offered to go to jail alone and unattended; when he arrived at the jail, accompanied by the defendant Tracy, he requested the sheriff to lock him up, and seemed very much dissatisfied because the sheriff would not comply with the order in the unsigned commitment, and lock him up; in fact, sought the opportunity to be imprisoned and locked up. The defendants, the justice, constable, and complaining witness seem to have acted in good faith all the way through, and there is nothing to show malice, hatred, or ill will, but simply the desire to prevent the carrying out of the alleged threats, and preserve the peace. The plaintiff is not shown to have received very much more than nominal injury and loss of time, and much of this was was occasioned by his desire to be locked up under the commitment. Under the circumstances we are of the opinion that the plaintiff was entitled to a judgment, but

we are also of the opinion that the amount of damages
allowed are excessive and disproportionate to the injury
shown to have been received, and that the judgment
should be reversed, and a new trial granted, unless the
respondent shall within ten days file in this court a con-
sent in writing to reduce the damages to $100, in which
case the judgment of the court below must be set aside,
and judgment entered therein in favor of the plaintiff for
the sum of $100, with costs of both courts.